In the Matter of Newton Alfred
WINN, Debtor.

Bankruptcy No. 84–2535.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 9, 1985.

Albert Gordon, Tampa, Fla., for debtor.

Scott Ilgenfritz, Clearwater, Fla., for School Pictures.

### ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the next chapter of a turbulent history of Newton Alfred Winn (Debtor) who is currently seeking relief under Chapter 11 of the Bankruptcy Code. The matter under consideration is a Motion to Dismiss this Chapter 11 case filed by School Pictures of Mississippi, Inc. (School Pictures). The Motion seeks a dismissal on the basis that this case was filed in bad faith and for this reason it represents "cause" for dismissal under § 1112(b)(1) of the Bankruptcy Code.

To put the Motion under consideration in proper perspective, a brief recital of the historical facts germane to the Motion should be helpful.

On October 27, 1983, the Debtor, who is a practicing attorney, filed a Voluntary Petition for Relief in this Court under Chapter 11 of the Bankruptcy Code. On April 17, 1984, School Pictures filed a Motion to Dismiss and sought a dismissal of the

Chapter 11 case on the basis it was not filed in good faith.

The Motion was considered in due course and the Court having considered the entire record and undisputed facts and the events as revealed by the record of the proceedings which preceded the filing of the Voluntary Petition concluded that the voluntary petition of the Debtor was not, in fact, filed in good faith and, therefore, it was proper to grant the Motion and dismiss the Chapter 11 case and on September 5, 1984 this Court entered an Order of Dismissal. The Order of Dismissal and the Memorandum Opinion specifically found that the primary, if not the sole purpose of filing the petition for relief under Chapter 11 was to frustrate the contempt proceedings against the Debtor in the United States District Court for the Southern District of Mississippi, 43 B.R. 25. This record leaves no doubt that the Chapter 11 case was filed as an attempt by the Debtor to circumvent or escape the consequences of the contempt judgment issued by a court of competent jurisdiction and it was never a legitimate aim to be achieved under the rehabilitation provisions of Chapter 11. This Court found in that case that the aim to be achieved by the Debtor constituted an impermissible use of Chapter 11 of the Bankruptcy Code.

In the original Chapter 11 case, counsel for the Debtor filed a Motion for Rehearing, but prior to the scheduled hearing, the Motion was withdrawn. Thereafter, School Pictures resumed its efforts to collect the monies claimed to be due by the Debtor based on the contempt judgment by levying upon the properties of the Debtor and on the summary judgment entered by the District Court of the United States for the Southern District of Mississippi.

On November 6, 1984, B.F. Wood, M.O. Quick, F.G. Chinnis and Richard Earle, Jr. filed an Involuntary Petition against the Debtor claiming they are holding claims against the Debtor not contingent as to liability amounting in the aggregate in excess of the value of any liens $5,000 or over. The Involuntary Petition was signed by Richard Earle, Jr., by M.O. Quick and F.G. Chinnis, but not signed by B.F. Wood. On November 23, 1984, not to the surprise of anyone, the Debtor consented to the entry of the Order for Relief. The Debtor did not file a Statement of Affairs, Schedule of Assets and Liabilities within the time prescribed by Rule 1007(c); he did not file a Disclosure Statement or a Plan of Reorganization within the time prescribed by § 1121(b) and did not seek an extension of time as permitted by § 1121(d). The Schedules ultimately filed revealed that the total unsecured debts of this Debtor are less than $50,000 and by far, the largest creditor of this Debtor is School Pictures, who obtained a money judgment in Mississippi in the amount of $154,000. In addition, the Debtor accumulated contempt fines in excess of $268,000, which fines are accruing at a rate of $500 a day.

The record reveals that the Involuntary Petition was not prepared by Mr. Richard Earle, one of the petitioning creditors, a practicing attorney, but was presented to him for signature although it is not clear by whom. It is without dispute that he consented to sign and did sign the petition. Based on the evidence in this record, the inference is not far fetched that the Involuntary Petition was, in fact, prepared by the Debtor himself, a fact indirectly supported by Mr. Earle who adopted this assumption to be not baseless. It is equally clear from the depositions on file that the other petitioning creditors were, and still are, friends of the Debtor. For instance, Mr. Chinnis is a friend of long standing of the Debtor, having been a member of a Masonic Lodge of which the Debtor was also a member and over the years, Mr. Chinnis developed a close relationship and friendship with the Debtor. Neither is Mr. Quick a stranger to the Debtor. The Debtor purchased property from both Mr. Quick and Mr. Chinnis; has known Mr. Quick for several years and from time to time visited Mr. Quick at Gulf Hammock, Florida, where all of them own some property. Mr. Chinnis' claim is based on an alleged loan made to him in the munificient sum of $200. It further appears that prior to the filing of the Involuntary Petition, the Debt-

or visited Mr. Chinnis in October and on October 6 borrowed the $200 from Mr. Chinnis in order to get back to Florida which is the basis of Mr. Chinnis' claim against the Debtor. The Debtor, upon his return to Florida, called Mr. Chinnis and while it is not clear, it is without dispute that Mr. Chinnis received the Involuntary Petition in the mail which he signed and returned the same to some attorney, but he was unable to identify the attorney is not unreasonable to assume that the attorney was Mr. Albert I. Gordon, the present and former counsel of record for the Debtor, who not only filed the original voluntary Chapter 11, but also the consent in the present case to the entry of the order for relief.

As noted, the Involuntary Petition was also signed by Mr. Quick at the request of the Debtor. Thus, it is evident that all three petitioning creditors signed the Involuntary Petition apparently prepared by the Debtor and at his request.

Based on the following, there is no doubt that this present Chapter 11 case is merely an attempt by the Debtor to accomplish something indirectly which he was unable to accomplish directly, that is, to maintain a viable Chapter 11 case in order to hide under the protection of the automatic stay triggered by filing of a petition for relief either by or against a debtor under §§ 301, 302 and 303 of the Bankruptcy Code. It is equally without doubt and it is evident that the sole purpose of maintaining this involuntary Chapter 11 case instigated by the Debtor himself was for the sole purpose to again frustrate School Pictures in its attempt to collect its judgments. This being the case, it is clear that this case should also be dismissed as a case commenced by a petition filed in bad faith unless the concept of bad faith plays no meaningful role in an involuntary case.

At first blush, it appears that creditors have an absolute right to institute an involuntary case against a debtor provided they are eligible to be petitioning creditors under § 303(b)(1) of the Bankruptcy Code and their motive is of no consequence. There is

no evidence in this record that any of the petitioning creditors do not, in fact, hold a valid claim against this Debtor, claims which are not contingent as to liability. It is equally without dispute that the aggregate of the claims held by these petitioning creditors who signed the petition are in excess of $5,000. This finding, however, is not conclusive and does not necessarily compel the conclusion that this petition was filed in good faith.

█ There is no question that this Court is duty bound to conduct an inquiry at the outset of the case if requested to determine the legitimate purpose of the parties who sought to invoke the jurisdiction of this Court and take appropriate steps to prevent the abuse of the bankruptcy process. *In re Mallard Associates,* 463 F.Supp. 1259 (S.D.N.Y.1979); *In re Joseph Mass,* 2 B.C.D. 973 (D.Mass.1976). The fact that this is an involuntary case would not preclude this Court to inquire into the presence or absence of good faith, especially to the extent of his involvement and his role in the institution of the involuntary case. *Mongiello Bros. Coal Corp. v. Houghtaling Properties, Inc.,* 309 F.2d 925 (5th Cir.1962). Thus, regardless of the nature of the petition, whether it is voluntary or involuntary, the Court must protect the integrity of its jurisdiction and when the issue is raised, it is proper for the Court to inquire to what extent the Debtor is involved in the institution of an involuntary case and if it appears there was collusion between the Debtor and the petitioning creditors, and they fraudulently invoked the jurisdiction of the Court, the Court will not tolerate the maintenance of an involuntary petition.

█ In the present instance, the conclusion is inescapable that the Involuntary Petition was conceived by the Debtor and it is the Debtor and not really the petitioning creditors who seek to invoke the jurisdiction of this Court. While this Court is satisfied that there was no actual collusion between the Debtor and the petitioning creditors, this record leaves no doubt that it was the last desperate effort of the Debt-

or to get back under the protection of the Bankruptcy Court for the primary, if not sole, purpose to frustrate School Pictures again in its efforts to collect its judgment. While Mr. Earle consented to be a petitioning creditor, he certainly was not the author of the petition and only agreed to be one of the petitioning creditors because the realization that unless there is a bankruptcy case, he may never be able to recover some return on his claim. As noted, the other two petitioning creditors are friends of long standing of the Debtor and were no doubt motivated to join in the involuntary petition by their desire to help the Debtor and not by their desire to pursue the Debtor in order to recover on their claims. Their claims in this case are certainly without any significance and ordinarily would not have warranted to institute an involuntary case against the Debtor. It is clear that in the absence of the request by the Debtor, neither Mr. Quick nor Mr. Chinnis would have ever thought of instituting an Involuntary Petition against their old friend in order to pursue their claims. Thus, it is evident that the entire underlying scheme of this involuntary Chapter 11 was merely a second attempt by the Debtor to accomplish indirectly what he was not able to accomplish directly with his original voluntary petition and nothing more than an attempt to invoke the jurisdiction of this Court for the sole purpose to avoid the consequences of the judgment imposed by the District Court in Mississippi and to avoid the consequences of the previous Order of Dismissal entered by this Court on September 5, 1984 in the Voluntary Chapter 11 case.

■ Ordinarily, this would conclude the matter. However, at the conclusion of the hearing, counsel for the Debtor indicated that he will file a Notice of Conversion of this case to a Chapter 7 case pursuant to § 1112(a). The fact of the matter is that such notice was in fact filed the day following the hearing on the Motion to Dismiss. The difficulty with this new move to attempt to get back under the protective umbrella of the Bankruptcy Code is obviously when one considers the applicable provision of the Code dealing with the Debtor's right to convert a case from one Chapter to another. While a Debtor may convert a case under Chapter 11 to a case under Chapter 7, he may not do so if the case originally was commenced as an involuntary case under Chapter 11. This is precisely the case in the present instance. For this reason, this Court is constrained to conclude that a Notice of Conversion would not serve any purpose and this Chapter 11 case commenced as an involuntary case cannot be converted and should be dismissed.

Based on the foregoing, this Court is satisfied that the Motion to Dismiss filed by School Pictures, Inc. is well taken and should be granted and in light of previous history of this Debtor, the dismissal shall be with prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by School Pictures of Mississippi, Inc. be, and the same hereby is, granted and the Chapter 11 case of Newton Alfred Winn be, and the same hereby is, dismissed with prejudice.