**In re Newton Alfred WINN, a/k/a N. Alfred Winn, Debtor.**

**Bankruptcy No. 85–01616.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 20, 1985.

Malka Isaak, Tampa, Fla., for debtor.

Scott Ilgenfritz, F. Wallace Pope, Jr., Clearwater, Fla., for movant School Pictures of Mississippi, Inc.

## ORDER ON MOTION TO DISMISS AND MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the next chapter of a seemingly ever on-going feud between School Pictures of Mississippi, Inc., and Newton Alfred Winn (Winn), who appears to be a regular customer of this Bankruptcy Court. The current matter under consideration involves the third attempt by School Pictures to wrestle Winn loose from out of the protective umbrella of the Bankruptcy Court and to enforce a judgment heretofore obtained by School Pictures against Winn and complete the execution and levy on its judgment already put in motion. In addition, School Pictures also filed a Motion seeking a contempt citation against Winn or, in the alternative, to impose sanctions against Winn. To put the matter in the proper context, a brief recitation of the procedural history of this on-going battle between School Pictures and Winn should be helpful.

On June 24, 1981 Winn entered into a contract with School Pictures for taking pictures of graduating classes in certain specified Florida counties. Based on the contention that Winn breached his contract, School Pictures filed a law suit in the State of Mississippi, originally in a Chancery Court of Hinds County. On June 13, 1983, this action was removed to the United States District Court for the Southern District of Mississippi from the Chancery Court. On June 23, 1983 the District Court ordered Winn, inter alia, to pay compensa-tory damages to School Pictures in the amount of $13,900; also ordered Winn to remit $90,000 to School Pictures and imposed a $500.00 fine for each day in the event Winn failed to comply with any provisions of the Order of June 25, 1983. School Pictures instituted an action in the United States District Court for the Middle District of Florida and sought an enforcement of the contempt judgment issued by the United States District Court in Mississippi.

On October 27, 1983 Winn filed his first Voluntary Petition for Relief under Chapter 11. On September 5, 1984 this Court entered an Order and having concluded that the Petition of Winn for Relief under Chapter 11 was filed in bad faith, dismissed the Chapter 11. The Order of Dismissal did not specify that the dismissal was with prejudice. The then counsel for Winn promptly filed a Motion for Rehearing of the Order of Dismissal, but prior to the scheduled hearing, withdrew the Motion. School Pictures, upon receiving the Order of Dismissal, sighed with relief and immediately put in motion its collection efforts against Winn, assuming that finally it had clear sailing and it would not be frustrated any longer by Winn. This was, as it turned out to be, an assumption without solid foundation because, on November 6, 1984, three alleged creditors of Winn filed an involuntary petition against Winn claiming that they are holding claims against Winn in excess of $5,000 and sought relief under Chapter 11 against Winn. To no one's surprise, Winn promptly consented to the entry of an Order for Relief. School Pictures immediately attacked the involuntary petition by a Motion to Dismiss. This was heard, in due course and, after an evidentiary hearing, this Court entered an Order and dismissed the involuntary Chapter 11 again on the basis that it was merely an attempt by Winn to accomplish indirectly what it was not able to accomplish directly, that is, to maintain a Chapter 11 for the obvious purpose of holding School Pictures at bay. On May 9, 1985, 49 B.R. 237, this Court entered an Order and dismissed the involuntary Chapter 11, having found that

it was filed in bad faith. The Order of Dismissal of this case, however, provided that it was a dismissal with prejudice. School Pictures wasted no time and attempted the third time around to proceed to enforce its judgment and actually obtained a Writ of Execution which was delivered to the Marshal with directions to levy. The Marshal, in fact, levied on certain assets of Winn, which are placed in the storage facility. The two storage charges accruing are $160.00 per month.

At this point, School Pictures assumed that it had finally reached its goal. This was not the case, however, because on June 21, 1985 Mr. Winn filed a new voluntary Chapter 11 in proper person which, of course, brought into play again the automatic stay imposed by § 362 of the Bankruptcy Code, which, in turn, again brought to a screeching halt the collection efforts of School Pictures and thus it was compelled, again the third time, to file its Motion to Dismiss in order to get Winn out of the Bankruptcy Court. It also filed a Motion seeking an Order to cite Winn for contempt and to punish him accordingly, or in the alternative, to impose sanctions. This is the Motion presently under consideration. While, as noted, this third Petition for Relief was filed by Winn in proper person, at a duly scheduled hearing on these motions, Winn appeared with counsel, although there was, at that time, nothing in the record to indicate that he was authorized to retain counsel by this Court, as required by § 326 of the Bankruptcy Court. On the eve of the hearing, counsel retained by Winn filed a Motion to Continue. The Motion was promptly denied and this Court proceeded to consider the matter as scheduled. The Court having heard argument of counsel for the respective parties and based on the record, not only of this case but also the record of the two previous cases, concludes that Winn is not entitled to relief under Chapter 11 because his present attempt, together with his two previous attempts to seek relief directly or indirectly under Chapter 11, was not filed in good faith. Therefore, his third attempt should be rejected and his third Chapter 11 case should also be dismissed. This leaves for consideration whether or not it is appropriate to dismiss this third Chapter 11 with prejudice, thus a dismissal of his third attempt to obtain relief in the Bankruptcy Court should operate as a complete bar to Winn from seeking relief under any of the other operating chapters of the Bankruptcy Code.

The Bankruptcy Amendments and the Federal Judgeship Act of 1984 Public Law 98–353 (BAFJA) amended §§ 109 and 349 of the Bankruptcy Code. Section 349 which deals with the effect of a dismissal provided, prior to amendment, that a dismissal, unless the Court ordered, did not operate as a bar to a discharge in a later case. The amendment now added the following language to the Section:

"nor does the dismissal of a case under this title prejudice the Debtor with regard to filing of a subsequent petition under this title, except as provided in § 109(f) of this title."

The amendment also added sub-clause (f) to § 109 and which now provides that:

"notwithstanding any other provision of the section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) The debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by § 362 of this title."

As indicated earlier, the Order of Dismissal of the first Chapter 11 was silent concerning the effect of dismissal. Therefore, under the ordinary construction of its meaning, it was a dismissal without prejudice. The Order dismissing the involuntary case specified that the dismissal was with prejudice. However, although it was not made clear, a reasonable interpretation of the order should mean that the prejudice was intended to apply to the petitioning

creditors who were prohibited from refiling an involuntary petition against this Debtor and the Order should not be interpreted to mean that the order intended to bar the Debtor from seeking any further additional relief under Title 11, including under Chapter 7. Although the Debtor in that particular case attempted to convert the case into a Chapter 7 case, based on 1112 of the Code, this Court denied the request to convert simply because this Section does not permit the conversion of a Chapter 11 case to a Chapter 7 case, if the Chapter 11 case was originally commenced as an involuntary case. § 1112(a)(2). Since the second Order of Dismissal should not be construed to bar this Debtor's right to seek and ultimately obtain a discharge in bankruptcy, the Order of Dismissal did not prohibit Winn from filing a voluntary Chapter 7 case, unless he is not eligible for relief under Chapter 7 by virtue of the exclusions for eligibility for relief set forth in § 109 or, in this particular instance, pursuant to the new sub-clause (f) of § 109. As noted, sub-clause 109(f), the new amendment, now prohibits a repititious filing by a consumer debtor under two specific circumstances. One, when a Debtor disobeyed a lawful order of a court and the case was dismissed or the Debtor failed to appear before a Court in a proper prosecution of the case, or, in the alternative, if a Debtor himself requested and obtained a voluntary dismissal of the case after a party of interest filed a motion and sought relief from the automatic stay. Obviously, neither of these conditions are present in the instant case, thus, there is nothing in § 109 which would render Winn ineligible for relief under Chapter 7 at this time.

This leads to the next proposition whether or not would the contempt citation be proper under the circumstances on the basis that he allegedly violated an order of this Court. A review of the previous proceedings clearly indicates that Winn never violated any order of this Court. First, there was no violation in the original Chapter 11 case. Second, as noted earlier, the second dismissal was with prejudice but not with prejudice to Winn, but with prejudice to the petitioning creditors. Thus, it is clear that unless there is a showing made by School Pictures, which is not made in this present instance, that the Debtor did violate the lawful order of this Court, there is no basis to cite Winn for contempt and punish him.

■ However, this alone would not preclude this Court from considering whether or not it is appropriate under the facts of this case to impose sanctions on Winn, pursuant to FRCP 11 as adopted by Bankruptcy Rule 9011. This Rule provides, in pertinent parts, that the signature of an attorney or a *party* (emphasis supplied) on every petition constitute a certificate by him that he has read the document; that to the best of his knowledge and belief from reasonable inquiry, it is well grounded in fact; that it is warranted by existing law or there is a good faith argument existing to extend, modify or reverse the existing law; and that it was not interposed for an improper purpose such as harassment or in order to cause a delay or to increase cost of litigation. This Rule further provides that if a document is signed in violation of this Rule, the Court on motion or its own initiative shall (*emphasis supplied*) impose on the person who signed it an appropriate sanction which may include an order directing the other party or parties to pay an amount representing reasonable expenses incurred because of the filing of the document. The sanctions imposed under this Rule may include reasonable attorney fees. In opposing the imposition of sanctions, the counsel for the Debtor urges that the Debtor filed his third Chapter 11 case in proper person and, although he is a practicing attorney, he is not a bankruptcy practitioner and, therefore, if he made the mistake to file a new Chapter 11, this was only an honest mistake and he filed the petition in good faith. Argument advanced by counsel, of course, misses the point completely. First, Mr. Winn is a practicing attorney for more than 32 years, and by now he should be an expert practitioner in the bankruptcy court, having actively participated in two contested Chapter 11 cases, both of them received a detailed and extensive treatment by this Court. Moreover, the Rule is not limited to imposition of sanctions on attor-

neys, but also the Court may, under proper circumstances, impose sanctions on a party. Mr. Winn certainly read this Court's original Order which, in detail, spelled out the facts based on which this Court concluded that the Petition for Relief under Chapter 11 in the first case was filed in bad faith. It is hard, if not impossible, to assume that Mr. Winn is not fully aware of the reasons why the so-called involuntary filed by him against himself through some friendly creditors was dismissed. So, by now, there should not be any secret that this Court firmly concluded that Mr. Winn's use of Chapter 11 was inappropriate and he should not attempt to use it any further. From these it is quite evident that this Chapter 11 case is a renewed, frivolous, totally unjustified, and not supported by any newly discovered fact or law which would require this Court to suddenly conclude that Mr. Winn is now a proper candidate for relief under this Chapter. Based on the foregoing, this Court is satisfied that the imposition of sanctions, pursuant to Bankruptcy Rule 9011, is appropriate. This leaves for consideration what type of sanctions under the facts would be proper. It appears that because the delay caused by the filing of a third Chapter 11, School Pictures was compelled to cancel a properly scheduled sale. It further appears that the goods of Mr. Winn were seized and they are now stored by the Marshal and School Pictures is incurring a storage charge at the rate of $60.00 in one storage place and $100.00 in another per month.

It further appears that even if the stay is lifted immediately or this third Chapter 11 case is dismissed, the earliest possible time School Pictures is able to complete the sale would be approximately four weeks hence. It is fair to conclude that the total charges for storage would run approximately $320.00. Of course, School Pictures was compelled to retain services of counsel to fight again the three attempts of Mr. Winn in this Court to frustrate the collection of its judgment. Therefore, School Pictures under this Rule is entitled to a reasonable attorney fee.

Based on the foregoing, this Court is of the considered opinion that imposition of sanctions of $320.00 for costs and $500.00 for attorney fees is appropriate under these circumstances. Therefore, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Contempt, filed by School Pictures, be and the same is hereby denied provided, however, that pursuant to Bankruptcy Rule 9011, Newton Alfred Winn be and the same is hereby ordered to pay to School Pictures within 30 days from the entry of this Order the total sum of $820.00. It is further

ORDERED, ADJUDGED AND DECREED that the automatic stay imposed by § 362 be and the same is hereby lifted and modified and School Pictures is authorized to proceed and complete its enforcement proceedings of its judgment. It is further

ORDERED, ADJUDGED AND DECREED that Chapter 11 be and the same is hereby dismissed, with prejudice, unless Newton Alfred Winn, the Debtor, files a conversion pursuant to § 1112 of the Bankruptcy Code for a Chapter 7 case within 15 days from the date of entry of this Order.