In re Merritt E. LAUBER, Trustee for LHN Land Trust # 2, d/b/a LHN Landtrust # 2, Debtor.

Merritt E. LAUBER, Trustee for LHN Land Trust # 2, d/b/a LHN Landtrust # 2, Plaintiff,

v.

Erwin GREMLI, II, Defendant.

Bankruptcy No. 94–8458–8P1.
Adv. No. 94–716.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 2, 1995.

Douglas R. Lauber, Sanford, FL, for plaintiff.

Thomas B. Mimms, Jr., Tampa, FL, for defendant.

Merritt E. Lauber, Trustee, Sarasota, FL.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration is a Motion to Impose Sanctions, filed by Erwin Gremli, II (Gremli) in the above-captioned adversary proceeding. The adversary proceeding was dismissed by this Court on December 20, 1994. The Order expressly provided for retention of jurisdiction to consider any Motion, if one is filed, to impose sanctions. The Motion filed by Gremli seeks imposition of sanctions against Merritt E. Lauber (Lauber, Trustee), an individual, and Douglas R. Lauber, his attorney. Gremli seeks the imposition of sanctions pursuant to 28 U.S.C. § 1927, F.R.B.P. 9011, .and the inherent power of the Court to impose sanctions.

The procedural background of the Chapter 11 case and this adversary proceeding, preceding the entry of the Order of Dismissal, all of which are without dispute, are as follows:

On January 11, 1994, Gremli filed a Complaint for foreclosure in the Circuit Court of Sarasota County, Florida. The foreclosure complaint named as defendants Merritt E. Lauber, as Trustee and others, and sought to foreclose a mortgage claimed to be held by Gremli encumbering certain real property located in Sarasota County, Florida. Lauber, Trustee filed his answer on January 31, 1994, coupled with an affirmative defense contending that the original mortgage has been discharged by reason of the execution of a new note and mortgage and that therefore Gremli is not entitled to a judgment of foreclosure. On March 30, 1994, Lauber, Trustee filed a modification of the affirmative defense contending that the documents attached to the complaint were incomplete and set forth as a second defense that the mortgage is invalid and did not create a lien on the subject property.

On May 23, 1994, Gremli filed a motion for summary judgment which was heard in due course. On August 9, 1994, the Circuit Court entered a summary final judgment in favor of Gremli. The judgment determined the amount which was due under the mortgage, determined that Gremli had a valid lien on the subject property superior to any other liens, and ordered the property to be sold at foreclosure sale on September 1, 1994 by a Clerk of the Court.

On August 31, 1994, or one day before the scheduled sale, Merritt E. Lauber, as Trustee for LHN Land Trust # 2, d/b/a LHN Landtrust # 2, filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in this Court. On September 29, 1994, Gremli filed a Motion seeking relief from the automatic stay and a Motion to Prohibit Use of Cash Collateral. The Motion was based on the contention of Gremli that the Chapter 11 Petition was filed by Lauber as Trustee in

bad faith. In due course, the Motion was heard and on October 28, 1994, this Court entered an Order granting the Motion and lifting the automatic stay. In its Order, the Court found that the Chapter 11 case was nothing more than a two-party dispute, a single asset real estate case, and that the dispute should be resolved in the state court. In addition, the Court also found and concluded that the final judgment entered in the foreclosure action was a final determination of the rights of the parties and by virtue of 28 U.S.C. § 1739 this Court was required to give full faith and credit to the final judgment entered by the Circuit Court of Sarasota County.

Shortly thereafter, Gremli rescheduled the foreclosure sale for November 28, 1994 at 11:00 a.m. On November 18, 1994, Lauber, Trustee filed a verified complaint to set aside the mortgage as a preferential transfer and/or set aside liens represented by the mortgage. In addition, he also filed a verified motion for injunctive relief and reinstatement of the automatic stay. On the same date, Lauber, Trustee also filed a certificate of necessity for an emergency hearing on his motion. The Court declined to process the Motion on an emergency basis but scheduled a hearing on the Complaint and the Motion for December 5, 1994. On November 25, 1994, Merritt E. Lauber individually filed a Voluntary Petition for Relief under Chapter 7 in proper person, Case No. 94–11498–8G7 and promptly filed a suggestion of bankruptcy in the Circuit Court of Sarasota County on the very same date the rescheduled foreclosure sale was to be held. Although the suggestion of bankruptcy was filed pro se, he was represented by Douglas R. Lauber, his attorney of record in the state court action. It is to be noted that Merritt E. Lauber was not a named defendant, individually, in the foreclosure action. Therefore, clearly the suggestion of bankruptcy of his individual case had no relevance and should not have been filed in the foreclosure action. Nevertheless, the suggestion of bankruptcy stopped the scheduled sale, which has now been rescheduled for January 30, 1995.

On November 16, 1994, the U.S. Trustee filed a Motion to Dismiss the Chapter 11 case on the basis that it was filed in bad faith. On December 13, 1994, this Court granted the Motion to Dismiss the Chapter 11 case filed by the U.S. Trustee and dismissed the Chapter 11 case. On December 20, 1994, this Court dismissed the adversary proceeding. As noted earlier, this Order of Dismissal expressly reserved jurisdiction to consider the Motion for Sanctions. On December 2, 1994, Gremli had in fact filed a Motion for Sanctions based on these different theories.

First, Gremli contends that sanctions should be imposed against Lauber, Trustee and Douglas R. Lauber pursuant to the inherent power of this Court as set forth in *Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) rehearing denied 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097. The right to sanctions based on the inherent power of the Court is based on the contention that Lauber as Trustee engaged in bad faith conduct in the course of litigation. Second, Gremli contends that sanctions should be imposed pursuant to F.R.B.P. 9011 against Lauber, Trustee and Douglas R. Lauber for violating the Certification Rule. This claim is based on the contention that both Lauber, Trustee and Douglas R. Lauber violated the certification rule by signing the verified complaint in that the facts stated were not ascertained after reasonable inquiry and the claim for relief sought was not supported by existing law or the extension of existing law. Lastly, Gremli contends that sanctions should be imposed against the attorney, Douglas R. Lauber, pursuant to 28 U.S.C. § 1927 based on the assertion that the attorney unwarrantedly multiplied the proceedings and his conduct was unreasonable and vexatious. Citing, *Bonfiglio v. Nugent*, 986 F.2d 1391 (11th Cir.1993); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir.1993), cert. denied —— U.S. ——, 114 S.Ct. 181, 126 L.Ed.2d 140; *In re Aurora Investments, Inc.*, 144 B.R. 899 (Bankr.M.D.Fla.1992); *In re Hallmark Builders, Inc.*, 54 B.R. 120 (Bankr.M.D.Fla.1985) and *In re Winn*, 53 B.R. 645 (Bankr.M.D.Fla.1985).

## SANCTIONS PURSUANT TO 28 U.S.C. § 1927

This Statute reads as follows:

### § 1927. Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In the past, courts generally have not agreed on the applicability of this Statute to proceedings in Bankruptcy Courts. In the case of *Knepper v. Skekloff*, 154 B.R. 75 (N.D.Ind. 1993) and the case of *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943 (Bankr.N.D.Ill. 1988), both courts held that the Bankruptcy Court has jurisdiction to award sanctions under this Statute. In the case of *Regensteiner Printing Co. v. Graphic Color Corp.*, 142 B.R. 815 (N.D.Ill.1992) and *Matter of Richardson*, 52 B.R. 527 (Bankr.W.D.Mo. 1985), these Courts held that the Bankruptcy Court is not a "court of the United States," so that it has no authority to impose sanctions under this Statute.

■ On November 18, 1994, the Tenth Circuit in the case of *Jones v. Bank of Santa Fe (In re Courtesy Inns)*, 40 F.3d 1084, not yet generally reported, agreed with the latter position and held that the Bankruptcy Court has no jurisdiction to award sanctions pursuant to 28 U.S.C. § 1927, although the Tenth Circuit recognized the Court's inherent power or power under Section 105(a) to impose sanctions on the president of a corporate debtor where the Court found that the filing was purely for an improper purpose. This Court is in agreement with the decision of the Tenth Circuit and is satisfied that by virtue of the definition of the Bankruptcy Court as now stated in 28 U.S.C. Sec. 151, the Bankruptcy Court is a "unit" of the District Court and is not an independent court of the United States. Therefore, this Court has no authority to impose sanctions against D.R. Lauber pursuant to 28 U.S.C. § 1927.

## SANCTIONS PURSUANT TO F.R.B.P. 9011

■ The document in question which is alleged to have violated F.R.B.P. 9011 is a verified complaint in which Lauber, Trustee set forth two separate claims in two separate counts. In Count I it is asserted that the mortgage which was foreclosed in the state court is invalid and unenforceable as a matter of law and should be declared invalid and unenforceable either because it is void or a "preferential transfer." (sic)

In Count II Lauber, Trustee sought injunctive relief and alleged in Paragraph 15 that the final judgment in the Circuit Court and the sale would give the creditor a greater amount than the actual indebtedness therefore giving him preferential treatment in violation of 11 U.S.C. § 548. (sic) In Paragraph 16 it is alleged that the Debtor has a potential sale for the property which would create funds for all creditors to participate in the plan of reorganization. Based on the foregoing, Lauber, Trustee sought an injunction enjoining the foreclosure sale or in the alternative reinstating the stay.

It is quite evident even from a cursory reading of the complaint which was signed both by Lauber, Trustee, the plaintiff named in the complaint, and Douglas R. Lauber, his attorney, that the allegations stated in both Count I and Count II of the complaint are not supported by any facts ascertained after reasonable inquiry. Neither was the relief sought supported by existing law or a good faith argument for the extension of existing law. These conclusions are based on the following.

First, an attempt to relitigate the validity, vel non, of the mortgage which had been adjudicated with finality in the Circuit Court to be valid was utterly warrantless and lacked any support by applicable law, especially in light of this Court's previous Order entered on October 28, 1994 in which this Court found that 28 U.S.C. § 1738 compels this Court to give full faith and credit to the final judgment of the Circuit Court. Second, the complaint filed by Lauber, Trustee in Count I seeks to avoid a mortgage as a

preferential transfer when it is clear that none of the operating elements required by § 547 of the Code were pled or even could have been pled simply because it is conceded there was no transfer which occurred within 90 days of the commencement of the case which could possibly form the basis for an action to avoid a transfer as a preference.

In Count II of the same complaint, Lauber as Trustee makes a reference to § 548 which is, of course, the fraudulent transfer Section of the Code, although he attempts to plead, albeit not completely, one of the operating elements of a preferential transfer under § 547 of the Code. Moreover, in support of the injunctive relief sought, it is alleged that the Debtor has a potential sale of the property which by itself is insufficient to grant the relief sought, especially in light of the fact there was no contract to sell the subject property attached to the complaint. Obviously there was none in existence or not in the form of an enforceable contract.

In sum, it is clear that Lauber, Trustee and his attorney, Douglas R. Lauber, violated F.R.B.P. 9011 by their signatures on the verified Complaint and, under the controlling law, the imposition of sanctions is mandated. *In re Ksenzowski*, 56 B.R. 819, 834 (Bankr. E.D.N.Y.1985). Consequently, Gremli's Motion should be granted to the extent that it seeks the imposition of sanctions under F.R.B.P. 9011.

### SANCTIONS PURSUANT TO THE INHERENT POWER OF THE COURT

This leaves for consideration this Court's power to impose sanctions pursuant to its inherent power based on *Chambers v. Nasco, Inc., supra.* The record reveals and it is without dispute that Merritt E. Lauber individually clearly had the right to file a Voluntary Petition for Relief under Chapter 7. However, considering the fact that it was filed on November 25, 1994, or three days before the scheduled foreclosure sale, coupled with the improper filing of a suggestion of bankruptcy in the Circuit Court action in which he was not a litigant, the totality of these facts leaves no doubt that the Petition was filed for the express purpose to further frustrate Gremli in his efforts to complete his foreclosure action pursuant to the final, binding judgment of the Circuit Court. Thus the suggestion was filed by Merritt E. Lauber as trustee clearly for an improper purpose. *See In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984).

However, since it was filed in the State Court, whatever sanctions may be imposed for this improper action should be determined by the Circuit Court and not by this Court because the filing had no impact on the matters still pending before this Court in that the Chapter 11 case was ultimately dismissed on December 13, 1994 and the adversary proceeding was dismissed on December 20, 1994. Consequently, Gremli's Motion should be denied to the extent that it seeks sanctions pursuant to the inherent power of the Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Erwin Gremli, II's Motion for Sanctions is hereby granted to the extent that it seeks the imposition of sanctions under Rule 9011 of the Bankruptcy Rules, and Erwin Gremli, II shall submit within 15 days from the date of entry of this Order, an itemized statement of the amount sought to be recovered and the amount of sanctions to be imposed and serve the same on both Merritt E. Lauber, Trustee for LHN Land Trust # 2, d/b/a LHN Landtrust # 2 and Douglas R. Lauber who shall then have 10 days thereafter to file a written objection to any part of the statement. In the event that such an objection is filed, the Court may either schedule a hearing or enter an order determining the appropriate amount of sanctions to be imposed. It is further

ORDERED, ADJUDGED AND DECREED that Erwin Gremli, II's Motion for Sanctions is hereby denied to the extent that it seeks the imposition of sanctions under 28 U.S.C. § 1927 or the Court's inherent power.

DONE AND ORDERED.