### FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Goldome, Plaintiff–Appellee,

v.

### Nellie CORTEZ, Defendant–Appellant.

### No. 128, Docket 96–6047.

United States Court of Appeals, Second Circuit.

Submitted Aug. 27, 1996.

Decided Sept. 17, 1996.

Thomas Bronkovic pro se, Kissimmee, FL, as successor in interest to Plaintiff.

Nelly Cortez, Kissimmee, FL, Defendant pro se.

Before: MESKILL, KEARSE, and MAHONEY, Circuit Judges.

PER CURIAM:

Defendant Nellie ("Nelly") Cortez appeals from a final judgment of the United States District Court for the Southern District of New York, Peter S. Leisure, *Judge,* enforcing certain promissory notes executed by Cortez in favor of Goldome Bank, for which plaintiff Federal Deposit Insurance Corporation ("FDIC") is receiver. Cortez contends principally that because FDIC's complaint in the present action was filed during the pendency of a bankruptcy proceeding against her in California (the "California proceeding") the present action violated the automatic stay provision of 11 U.S.C. § 362(a)(1) and hence is a nullity. She also makes various other substantive and procedural arguments. We reject all of her contentions substantially for the reasons stated in the Report and Recommendation of Magistrate Judge Michael H. Dollinger dated August 9, 1995, adopted by Judge Leisure's Memorandum Order dated January 2, 1996.

Cortez's contention that FDIC's commencement of the present action during the pendency of the California proceeding was a nullity because it violated the automatic stay provision of § 362(a)(1) is without merit. Cortez had commenced a voluntary bankruptcy proceeding in Florida in 1990. In June 1992, the Florida bankruptcy court, noting that it had, *inter alia,* "observed the candor and demeanor of the witnesses," dismissed the proceeding and ordered that the dismissal be "with prejudice to the filing of a petition under any chapter of the Bankruptcy

Code for a period of twelve months from the date of [the court's] Order." *In re Nelly Cortez,* No. 90–28516–BKC–SMW (Bankr. S.D. Fla. June 9, 1992). The California bankruptcy proceeding was filed two months later.

Though the California proceeding was not filed by Cortez herself and was styled an involuntary bankruptcy, the district court in the present case found that Cortez had plainly colluded in the filing of that proceeding. The record supports this assessment. The California proceeding was commenced by Thomas Bronkovic, who is Cortez's stepfather. Magistrate Judge Dollinger found that Cortez consented to the California proceeding, a circumstance that supports an inference of collusion, *cf. In re Winn,* 49 B.R. 237, 239 (M.D.Fla.1985) ("[I]t is proper for the Court to inquire to what extent the Debtor is involved in the institution of an involuntary case and if it appears there was collusion between the Debtor and the petitioning creditors, and they fraudulently invoked the jurisdiction of the Court, the Court will not tolerate the maintenance of an involuntary petition."). While Cortez argues that the California proceeding was not collusive, she did not, either in her objections to the magistrate judge's report or in her brief on appeal to this Court, challenge the finding that she consented. That finding, and the conclusion that the California proceeding brought by her stepfather was collusive, are further supported by Cortez's stepfather's role in both the Florida bankruptcy proceeding and the present case. In connection with the Florida proceeding, Bronkovic described himself as Cortez's "attorney-in-fact"; and affidavits filed in that proceeding, signed by both Bronkovic and Cortez, described him as Cortez's "managing agent." In the present case, Bronkovic testified as a purported "expert witness" on behalf of Cortez; and he held himself out, without contradiction from Cortez, to be her agent for purposes of settlement.

In sum, the so-called "involuntary" California proceeding was brought against Cortez with her consent by her stepfather, who during the pertinent period has been her attorney-in-fact, her managing agent, her expert witness, and her agent for purposes of settlement. The district court's finding that the California proceeding was collusive is amply supported by the record. Since it was filed two months after the Florida bankruptcy court's order and was collusive, the California proceeding violated the Florida court's 12–month prohibition against further Bankruptcy Code filings by Cortez and hence was ineffective to trigger the automatic stay provisions of § 362(a)(1). FDIC's commencement of the present action during the pendency of the prohibited California proceeding was not barred.

The judgment of the district court is affirmed.