**In re Judah GROSSINGER, Debtor.**

**No. 00–12647 (ASH).**

United States Bankruptcy Court, S.D. New York.

Oct. 19, 2001.

---

5. To the extent that the cases relied upon by Mehlman reach a contrary conclusion, this Court respectfully disagrees.

Shmuel Klein, Law Office of Shmuel Klein P.C., Spring Valley, NY, for debtor.

## MEMORANDUM DECISION ON SANCTIONS FOR SHAM INVOLUNTARY FILING

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

Within the past year or so courts in the Southern and Eastern Districts have experienced a number of patently baseless and improper involuntary filings. The potential for collusive filing exists where a "friendly" creditor files an involuntary petition with no intention of serving the debtor or seeking an order for relief but with the intent of frustrating the rights of a secured creditor or any other creditor whose state court remedies are stayed until the case is closed. In such a case there may be no impact upon the debtor, since no order for relief is entered, the credit agencies and creditors are not notified, the debtor and his property do not become subject to the jurisdiction of the Bankruptcy Court and the debtor is not required to do anything. But creditors may be harmed because the mere filing of an involuntary petition invokes the automatic stay. In the case of a non-collusive filing, aside from the fact that other creditors will be subject to the automatic stay, a sham involuntary filing may be highly prejudicial to the debtor (e.g., in damaging debtor's reputation) and may be used by creditors as an improper bargaining tactic.

When a Bankruptcy Court suspects an involuntary filing is a sham or is collusive, the Court may make proper inquiry into the circumstances of the filing. *F.D.I.C. v. Cortez,* 96 F.3d 50 (2d Cir.1996). This Court has made such inquiries on two recent occasions.[1]

A hearing was held by the Court to determine whether to assess a sanction against the sole petitioning creditor, Philip Gottenger, and his attorney, Shmuel Klein, Esq., for filing this involuntary Chapter 11 petition in bad faith. For the reasons set forth below, the Court has determined that sanctions against Gottenger and Klein are appropriate.

---

1. After a similar hearing in *In re Sarah Stern* (00–20639), the Court assessed sanctions against each of the three petitioning creditors who filed an involuntary Chapter 11 petition. The reasons for those sanctions are set forth in a decision issued today.

On June 12, 2000 an involuntary Chapter 11 petition was filed against Judah Grossinger. The petition was signed by only one petitioning creditor, Gottenger, and filed on behalf of Gottenger by Klein.

Klein used an improper form to file the involuntary petition. He used FORM 1 (Voluntary Petition) and inserted the term "involuntary" in various spots [2] rather than using the appropriate FORM 5 (Involuntary Petition). In addition the information provided as to the identification of Klein and Gottenger is not clear. In one box on the face of the petition, "Shmuel Klein" is inserted as the "ATTORNEY REPRESENTING DEBTOR." Further, the "STATEMENT Pursuant to Rule 2016(b)" contains Klein's name as "Attorney for Debtor" and Klein's signature as "Attorney for Petitioner." Gottenger's signature appears on the second page of the petition under the words "I declare under penalty of perjury that the information in this petition is true and correct and that the filing of this petition on behalf of the debtor has been authorized" and above the words "Signature of Authorized Individual ... CREDITOR," asserting a contradictory identity as both debtor and creditor. This misuse of forms, at best, sloppy and unprofessional, must cause confusion and possible prejudice to parties in interest. Moreover, use of the improper form omits the required request for relief against the alleged debtor.

The petition was never served on Grossinger, and no further action was taken by Gottenger or Klein.

Klein explained his failure to serve the debtor by asserting that "The involuntary petitioner and the alleged debtor had worked it out so there was no need for service." But Klein never saw fit to withdraw the involuntary petition. Moreover, although he did not serve the alleged debtor, it is clear that he did notify the alleged debtor's mortgagee, Olympia Mortgage Corporation, which was forced to file a motion for relief from the automatic stay. The motion was unopposed and granted by order dated September 27, 2000.

At that point the still-open involuntary case came to the attention of Chambers, and on November 22, 2000 the Court, sua sponte, issued an order to show cause why the petition should not be dismissed for failure to prosecute and why sanctions should not be assessed against Gottenger and Klein for filing the petition in bad faith.

Klein appeared at the hearing on the order to show cause. In defense of the filing, Klein stated that his client was a creditor of the alleged debtor because he was a tenant who wanted to get his alleged $4,000 security deposit back.

 The involuntary filing was utterly baseless. Gottenger's claim was a simple, nominal claim which he should have pursued in state court. To use an involuntary filing as a tactic to "work it out" with one's alleged obligor is an abuse of the bankruptcy process and a violation of 11 U.S.C. § 303. Section 303(b) requires that an involuntary petition be filed by three or more creditors with undisputed, non-contingent unsecured claims aggregating at least $10,775; or, if there are fewer than twelve such creditors, by one creditor that holds at least a $10,775 claim. Moreover, Section 303(h) requires either that the alleged debtor must not be paying his debts as they become due or that a custodian or receiver has been appointed as a prerequisite for an order for relief. Neither pre-

---

2. Subsequent to the filing of the instant petition, on September 18, 2000 Klein engaged in the same misuse of forms by filing an involuntary petition in the Poughkeepsie Bankruptcy Court using a "voluntary petition" form. *See In re Wolf Schreiber,* Case No. 00–37026.

condition was present here. The involuntary petition here was filed only by one creditor with a $4,000 claim, less than half of the statutory minimum. The claim was obviously in dispute, else there would have been nothing to "work out" and no reason to file the involuntary petition.

■ An attorney who undertakes to represent his client as a petitioning creditor in an involuntary case must, at the very least, read and comply with the applicable section of the Bankruptcy Code. Failure to do so manifests bad faith, especially on the part of a bankruptcy specialist with years of experience. *See In re Dino's, Inc.,* 183 B.R. 779, 783 (S.D.Ohio 1995) (bad faith can be assessed objectively by inquiring "whether a reasonable person in the petitioning creditor's position would have filed the bankruptcy petition"). Filing an involuntary petition for an improper purpose also manifests bad faith.

> An improper use of the Bankruptcy Code justifying a finding of bad faith will then exist any time a creditor uses an involuntary bankruptcy to obtain a disproportionate advantage to that particular creditor's position, rather than to protect against other creditors obtaining such a disproportionate advantage. *This is especially true where the petitioning creditor could have obtained that advantage in an alternate forum.*

*In re Better Care, Ltd.,* 97 B.R. 405, 410 (Bankr.N.D.Ill.1989) (emphasis supplied). *See also Lubow Machine Co. v. Bayshore Wire Products (In re Bayshore Wire Products Corp.),* 209 F.3d 100, 105–106 (2d Cir.2000) (discussing various tests for determining bad faith); *In re Reveley,* 148 B.R. 398 (Bankr.S.D.N.Y.1992). A filing such as this one which is clearly outside the intended use of the Bankruptcy Code evidences the petitioning creditor's bad faith.

■ Although Gottenger did not appear at sanctions hearing, he did submit an "Affirmation in Opposition to Order to Show Cause" which states in relevant part:

> 2. Mr. Grossinger owed me $4,000.00 for my rental deposit. I am his tenant at the home located at 26 Dana Road, Monsey, NY. Unbeknownst to me, the mortgage was not paid and the house was to be foreclosed. I would face the loss of my deposit and a roof over my family's head.
>
> 3. I was able to enter into a settlement with Mr. Grossinger after the petition was filed. I agreed not to pursue the bankruptcy any further. I would have a reasonable amount of time to find a new home and the deposit would be used towards the rent.
>
> 4. This is why the [sic] was no opposition to the lift stay and the foreclosure was allowed to go forward UNOPPOSED. Further, there are no damages to the debtor, as we settled this matter. The bank has added any additional amount to their upset price (which will be bid at closing[).]
>
> 5. This is in no way a bad faith filing. As any creditor, I sought to protect my deposit money and did come to an agreement out of court.

Gottenger's own affirmation confirms his improper use of the Bankruptcy Code. *See Atlas Mach. & Iron Works v. Bethlehem Steel Corp.,* 986 F.2d 709, 716 (4th Cir. 1993) (sole petitioning creditor's concession that it filed the involuntary petition to collect a debt supported the Bankruptcy Court's finding of bad faith). The Bankruptcy Code was not intended to permit a single creditor who is owed a relatively· small debt to put a debtor into involuntary bankruptcy, negotiate a settlement and walk away. As Gottenger's attorney and as an officer of this Court, Klein failed to

advise Gottenger of the impropriety of such a filing.

To summarize, the sanction hereby assessed is appropriate in light of manifold indicia of bad faith: (1) filing the involuntary petition without even colorable grounds under the governing statute, 11 U.S.C. § 303; (2) filing a palpably improper purpose, to wit, as a tactic to extract settlement of a disputed claim; (3) failing to use the correct bankruptcy form; (4) failing to serve the alleged debtor; (5) failing to take any action to further the involuntary bankruptcy once it had been filed; and (6) failure to close the case once the improper objective had been achieved. This is not a case of a good faith mistake on the part of an inexperienced bankruptcy attorney, nor are there grounds for asserting "that the lawyer may advance such claim or defense if it can be supported by a good faith argument for an extension, modification, or reversal of existing law." *N.Y.Code of Prof. Responsibility*, § 1200.35(a)(2) [Model Code of Prof'l Responsibility DR 7–102.]. Klein has been appearing in Bankruptcy Court for many years and is extremely experienced in bankruptcy practice.

Under 11 U.S.C. § 303(i), if an involuntary petition is dismissed other than on consent of all petitioners and the debtor, the court may grant judgment against any petitioner that filed the petition in bad faith, for any damages proximately caused, or for punitive damages. Section 303(i) does not provide for damages or sanctions against a petitioning creditor's attorney. However, by submitting a petition to the court an attorney certifies via Fed. R. Bankr.P. 9011(b) that the petition is not being presented for an improper purpose, and that the claims are warranted by existing law. A violation of Rule 9011(b) permits a court to impose an appropriate sanction, which, under Rule 9011(c)(2)

"shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Rule 9011(c)(2) provides that such sanction may include an order to pay a penalty into court. *See also In re Taylor*, 207 B.R. 995 (Bankr.W.D.Pa.1997) (party which abused the bankruptcy process and needlessly burdened the court sanctioned $2,500 penalty payable to the court); *In re Frenz*, 142 B.R. 611 (Bankr.D.Conn.1992) (Bankruptcy Court was entitled to compensation of $500 for the time expended in responding to party's improper conduct). In addition, 11 U.S.C. § 105(a) permits a Bankruptcy Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code, and, sua sponte, take any action necessary or appropriate to prevent an abuse of process.

The facts of this case, in view of the foregoing law, warrant a sanction against both Gottenger and Klein, and the sanctions shall be payable to the Clerk of the Bankruptcy Court. Sanctions are assessed, and the decision here and in *In re Stern* are published, to give notice to the bar and future petitioning creditors that sham involuntary petitions may not be filed in this court without consequences.